# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KIRK RISHOR,<br><br>　　　　　　　Defendant. | CASE NO. CR10-378 MJP<br><br>ORDER ON MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582 |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (Dkt. No. 222);

2. Government's Response in Opposition to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (Dkt. No. 226);

3. Defendant's Supplement to 782/788 Motion for Reduction of Sentence (Dkt. No. 227);

4. Government's Response to Defendant's Supplemental Briefing (Dkt. No. 228);

and all relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

## Discussion

At issue here is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has made it clear, in keeping with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, that a sentencing court is not permitted to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. *See* USSG §1B1.10. The Ninth Circuit has affirmed denial of retroactive reduction where the final sentencing range was unaffected by the operation of the grouping rules. United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009).

Pursuant to the career offender provisions of the Sentencing Guidelines, qualified recidivist offenders are assigned a base offense level for drug trafficking violations that is independent from the drug quantity table in §2D1.1. *See* USSG 4B1.1, et seq. The Ninth Circuit has ruled that relief is unavailable in the scenario where a career offender seeks application of a retroactive amendment to a drug guideline. United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009).

Defendant was sentenced in December 2011 after being convicted of three drug-trafficking felonies. At sentencing, this Court calculated his Total Offense Level at 34, based on his qualifications as a career offender. *See* PSR ¶ 47 (increasing the offense level from 22 to 37 pursuant to USSG § 4B1.1(b), then reducing it by three levels for acceptance of responsibility). The resulting Total Offense Level of 34 (combined with a Criminal History category of VI) resulted in a career offender Guidelines range of 262 to 327 months. The Court granted a significant downward variance based on the parties' recommendations and other 18 U.S.C. § 3553(a) factors and imposed a sentence of 132 months' imprisonment.

In the wake of the amendments to the Sentencing Guidelines, Defendant's applicable guideline range has not changed in the slightest; Defendant's offense level and sentencing range are exactly as they were before. The Sentencing Commission has made it clear that the range under consideration for eligibility purposes is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined <u>before</u> consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 app. n. 1(A) (emphasis added). Because Defendant's "applicable guideline range," before any variance was calculated, is not reduced by the 2014 amendments, he fails the first test for eligibility for a reduction.

Defendant contends that his eligibility analysis should be revised based on certain stipulations in his Plea Agreement; basically, that the nature of his plea bargain and his sentence by the court render him eligible for a reduction despite his "technical" career offender status. *See* Dkt. No. 222 at 3. Defendant has confused and conflated a sentence reduction resulting from a variance recommendation with his applicable guideline range as defined by USSG § 1B1.10's Application note 1(A) and as determined by the Court. To find in Defendant's favor would be

both inconsistent with the directives of the Sentencing Commission and contrary to Ninth Circuit precedent.

Defendant's Plea Agreement merely represented an agreement between the parties, non-binding on the Court. The parties to the Agreement recognized that their recommendation represented a significant downward departure from the career offender guidelines (implicitly acknowledging Defendant's status; *see* Dkt. No. 139, ¶ 11). But the agreement to recommend a variance did not somehow transform Defendant from a career offender to a non-career offender.

Defendant's Presentence Report ("PSR") bears out this analysis. The Probation Office concluded (as the parties already had) that, pursuant to USSG § 4B1.1, Defendant was a career offender. PSR ¶ 104, ¶ 47. Accordingly, Defendant's total offense was calculated by applying the applicable career offender base offense level, independent of any particular quantity of drugs. Id., ¶ 47. The Court adopted the PSR's findings at sentencing, stating that "[t]he Court found the defendant to be a Career Offender." Statement of Reasons ("SOR") at 3.

The rule in the Ninth Circuit is clear: a career offender is ineligible for a § 3582(c) reduction in sentence because his sentence is "based on" the career offender Guideline. United States v. Pleasant, 704 F.3d 808, 811-12 (9th Cir. 2013). In light of the fact that Defendant's applicable guideline range (which was calculated prior to any variance or departure) was based on the career offender provisions of the Sentencing Guidelines (which have not been reduced), Defendant remains ineligible for a reduction based on Amendments 782 and 788. This Court is devoid of jurisdiction to order a retroactive reduction in his sentence.

On a final note, the Court addresses Defendant's passing reference to Beckles v. United States, 137 S.Ct. 886 (2017) and his argument that "[a]fter Beckles, [he] should be entitled to a two point reduction under amendment 782, setting his guidelines range at 100-125 months."

Dkt. No. 222 at 3. The holding in <u>Beckles</u> was that the career offender definition of "crime of violence" was not subject to a constitutional void-for-vagueness challenge because the career offender provisions were only discretionary. 137 S.Ct. at 890-97. Thus, <u>Beckles</u> does nothing to alter Defendant's career offender status.

**Conclusion**

Because nothing in the post-sentencing Guidelines amendments has operated to alter Defendant's status as a career offender and thus his applicable guideline range, he is not eligible for a reduction in sentence under 18 U.S.C. 3582(c)(2) and his motion is DENIED.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated December 15, 2017.

Marsha J. Pechman
United States District Judge