|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KIRK RISHOR,<br><br>　　　　　　Defendant. | CASE NO. CR10-378 MJP<br><br>ORDER ON MOTION TO STRIKE OR SEAL |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

The above-entitled Court, having received and reviewed Defendant's Motion to Strike and or Seal 782/788 Drugs Minus Two Motion (Dkt. No. 238), the Government's Response to Defendant's Supplemental Briefing (Dkt. No. 239), all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

Defendant seeks either the expungement or sealing of a motion he brought in 2017 seeking a reduction in his sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Dkt. No. 222.

Defendant provides neither legal authority nor rationale for the Court's ability to "strike" the motion. It was ruled upon (Order at Dkt. No. 234) and is part of the official court record. This Court has no authority to "strike" the pleading at this point, least of all on Defendant's purported grounds that it was a non-meritorious motion at the time it was brought (as the Court concluded in denying it).

As for his request that the motion be sealed, Defendant's motion is similarly lacking in legal authority or valid bases. There is a presumption against the sealing of a public court record; while there are grounds upon which such a motion may be granted[1], Defendant has articulated none. Additionally, Local Civil Rule 5(g) requires that requests for the sealing of criminal records be accompanied by appropriate legal authority and a rationale for sealing which includes a demonstration of why less restrictive alternatives will not suffice. Defendant's motion contains none of these.

Absent both case or statutory authority and a compelling rationale, the Court has no alternative but to deny Defendant's request.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated April 17, 2020.

Marsha J. Pechman
United States Senior District Judge

---

[1] "Compelling reasons include (1) the need to protect the identity and safety of witnesses; (2) the need to protect the integrity of other investigations; (3) the need to protect a national security concern; (4) the need to protect the identities and safety of confidential informants; (5) privacy interests; (6) the need to protect a matter occurring before the grand jury; (7) the need to protect victims; (8) the need to protect the safety of the target of the investigation; (9) to avoid risk of flight, tampering with witnesses, or destruction of evidence. See, e.g., *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122 (9th Cir. 2003) *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989); *In re McClatchey Newspapers, Inc.*, 288 F.3d 369 (9th Cir. 2002); *United States v. Custer Battlefield Museum*, 658 F.3d 1188 (9th Cir. 2011)." Dkt. No. 239, Response at 2.